IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 17-cv-02006-MSK-SKC

RE/MAX, LLC,

   Plaintiff,

v.

ARGUS & KRONOS, LLC, and
LARRY DECOURSEY, JR.,

   Defendants.

_____

**OPINION AND ORDER GRANTING DEFAULT AND SUMMARY JUDGMENTS**
_____

**THIS MATTER** comes before the Court pursuant to the Magistrate Judge's Recommendation **(# 44)** that the Plaintiff's ("Re/Max") Motion for Default Judgment **(# 40)** against Defendant Argus & Kronos, LLC ("A&K") be granted, to which no objections have been filed; and Re/Max's Motion for Summary Judgment **(# 43)** on its claims against Defendant Larry DeCoursey, Jr., to which no response was filed.

The pertinent facts can be easily summarized. In 2015, A&K entered into a franchise agreement with Re/Max, by which A&K could use Re/Max's trademarks and otherwise brand itself as a Re/Max affiliate for purposes of selling real estate in exchange for making certain periodic payments to Re/Max. Mr. DeCoursey, a principal of A&K, guaranteed A&K's performance under the franchise agreement. A&K failed to make certain payments under the agreement and in January 2017, Re/Max exercised its option to terminate the franchise. By operation of termination clauses in the franchise agreement, A&K was then required to "de-

brand" itself, ceasing use of Re/Max's trademarks on its signage and other materials. However, A&K did not do so and continues to use Re/Max's trademarks. A&K and Mr. DeCoursey also have outstanding payment obligations to Re/Max under the terms of the agreement and guarantee.

Re/Max commenced this action, asserting claims **(# 1)** sounding in trademark infringement and copyright infringement under federal law, and breach of contract under Colorado common law. A&K and Mr. DeCoursey briefly appeared in this action through counsel, but counsel subsequently withdrew. Because A&K, as a legal entity, cannot appear *pro se*, the Court granted **(# 31, 36)** A&K a period of time to retain new counsel and advised Mr. DeCoursey of his obligations as a *pro se* litigant. A&K did not retain counsel as directed and Re/Max moved **(# 40)** for entry of a default judgment against it. The Court referred that motion to the Magistrate Judge, and on January 29, 2019, the Magistrate Judge recommended **(# 44)** that the motion be granted. No party has filed objections to that Recommendation. Separately, Re/Max moved for summary judgment **(# 43)** on its claims against Mr. DeCoursey. The time for responding to that motion has run and Mr. DeCoursey has not filed a response.

**A. Default judgment**

Pursuant to Fed. R. Civ. P. 72(b)(2), the parties had 14 days from service of the Recommendation to file objections. In the absence of objections from either party, the Court reviews the Recommendation under whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). The Court has reviewed the Recommendation for clear error and finds none. To the contrary, the Magistrate Judge's analysis was comprehensive and well-reasoned. Accordingly, the Court adopts the Recommendation in its entirety and will enter judgment by default against A&K on the terms set forth therein.

### B. Summary judgment

The Court will not belabor its summary judgment analysis with an extensive recitation of the well-known standard of review nor the elements of any particular claim. The Court is not entirely sanguine that Re/Max has clearly delineated between those actions by taken by A&K (perhaps through Mr. DeCoursey) that infringe on Re/Max's trademarks and copyrights, and those actions taken by Mr. DeCoursey as an individual. Nevertheless, Re/Max propounded Requests for Admission to Mr. DeCoursey personally that asked him to admit that "you" – Mr. DeCoursey – "continued to use the Re/Max marks and copyrighted works" to the present day, and Mr. DeCoursey did not timely respond, thereby admitting those facts. Accordingly, the Court will assume that Mr. DeCoursey personally made use of Re/Max's trademarks and copyrighted materials to the same extent and degree as did A&K. With that fact established, the analysis of the statutory claims against Mr. DeCoursey is identical to that applicable to A&K as set forth in the Recommendation, and the Court deems that analysis incorporated herein. Thus, Re/Max is entitled to summary judgment on its trademark and copyright infringement claims against Mr. DeCoursey.

Similarly, Mr. DeCoursey was not a party to the franchise agreement that the Magistrate Judge analyzed when granting a default judgment to Re/Max on its breach of contract claims against A&K. However, Re/Max has tendered a copy of a Guaranty and Assumption of Obligations, signed by Mr. DeCoursey personally, that "guarantees . . . the full and punctual payment and performance of each and every undertaking, agreement and covenant set forth in the [franchise] agreement" and "agrees to be . . . personally liable for the breach of each and every provision" in that franchise agreement. Thus, to the extent that A&K breached the franchise agreement – and in granting the default judgment, this Court finds that it has – Mr.

DeCoursey is personally liable for that breach to the same extent as A&K. Accordingly, Re/Max is entitled to summary judgment on its breach of contract claim against Mr. DeCoursey on the same terms as set forth in the Recommendation.

Accordingly, the Court **ADOPTS** the Recommendation **(# 44)**, **GRANTS** Re/Max's Motion for Default Judgment **(# 40)** against A&K, and **GRANTS** Re/Max's Motion for Summary Judgment **(# 43)** against Mr. DeCoursey. Judgment consistent with this Order shall enter contemporaneously. Upon the entry of that Judgment, the Clerk of the Court shall close this case.

Dated this 27th day of February, 2019.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge